Wilkins, Douglas H., J.
On July 8, 2015, the plaintiff, Sonia Escorbor (“Escorbor”), filed this putative class action lawsuit under the Wage Act (Count I); the Massachusetts Minimum Wage Law (G.L.c. 151, §1) (Count II), Contract (Count III), Unjust Enrichment (Count IV) and violation of record-keeping requirements (CountV) against the defendant Helping Hands Company, Inc. (“Helping Hands”). On November 8, 2015, Helping Hands filed “Defendant’s Motion to Dismiss. After a hearing on January 27, 2016, Es-corbor filed an amended complaint on February 9, 2016 (“Amended Complaint”), which prompted Defendant’s Motion to Dismiss Amended Complaint (“Motion”). Escorbor has opposed the Motion. The Court again heard oral arguments on February 12, 2016. After hearing, and upon consideration of all the written and oral arguments, the Motion is DENIED.
At this early stage of the proceeding, the only question is whether the challenged counts and the facts incorporated therein plausibly suggest that the plaintiff is entitled to relief. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008). The court takes the well-pled facts in the complaint as true only for purposes of decision on the Motion. Galiastro v. Mortg. Elec. Regis. Sys., 467 Mass. 160, 171 (2014). The court also reviews documents attached to or specifically referenced in the pleadings for purposes of Mass.R.Civ.P. 12(b)(6). See generally Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000).
Under these principles, the Amended Complaint sufficiently alleges violation of the Wage Act and the Massachusetts Minimum Wage Law. It alleges that the parties entered into a Compensation Agreement, providing for payment at an hourly rate of $10.00 and an hourly travel expense of $2.00. The Compensation Agreement left blank any provision for “Hourly Travel Time.” In itself, that may be enough. But there is more. The inference that, under the parties’ agreement Helping Hands actually reimbursed travel expense and paid nothing for hourly travel time receives support from the allegations that (1) Helping Hands did not withhold or pay payroll-related taxes such as FICA, on the Hourly Travel Expense, (2) travel demands of the job within the work day often exceed $2.00, if one considers both travel time and travel expense, and (3) the employer’s failure to comply with its record-keeping obligations as to hours and travel expense. Using facts in the Amended Complaint, Escorbor’s Memorandum plausibly calculates travel expense in a reasonable way, such as the IRS reimbursement rate, which exceeds 50 cents per mile. Using such a calculation, any travel exceeding 4 miles in one hour would completely consume the travel allowance. The Amended Complaint alleges enough facts to support an argument of a plausible failure to pay the minimum wage for intra-workday travel as required by 454 Code Mass. Regs. 27.04(4)(d). Garcia v. Right At Home, Inc., No. 2015-808-BLS2, 2 (Suffolk Sup.Ct. Jan. 19, 2016) (Sanders, J.) [33 Mass. L. Rptr. 346).
The employer’s failure to keep records as alleged in CountV may, at the pleadings stage, make it plausible that it knows that keeping the legally required records would show a violation. The argument that the Compensation Agreement predated the limitations period goes to weight, not to the core question whether, accepting all of the allegations of the complaint as true, the Iaanacchino test is met.
While, in some cases, a Wage Act plaintiff could not state a claim without pointing to at least one week in which she was underpaid, the alleged facts here would, if proven, demonstrate a systematic failure to pay anything for intra-workday travel time. The fact that the plaintiff lacks specific records, or that she has no access to Helping Hands’ records—which may themselves fail to include required information—is not fatal on the allegations in this case.
For the same reasons as in the Garcia case, the Court declines to dismiss the contract and unjust enrichment counts.
ORDER
For the foregoing reasons, it is hereby ORDERED that Defendant’s Motion to Dismiss Plaintiffs Amended Complaint is DENIED.